UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARAYA HENOK, )
 )
      Plaintiff, )
 )
v. ) Civil Case No. 14-00154 (RJL)
 )
WENDY H. SCHWARTZ, *et al.*, )
 )
      Defendants. )

MEMORANDUM OPINION
(July __, 2014) [Dkt. ##5, 8, 15]

FILED
JUL - 3 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Plaintiff Araya Henok ("plaintiff" or "Henok") brought this action on January 31, 2014 against Wendy H. Schwartz, Esq. and Wendy H. Schwartz and Associates, PLLC (together "defendants"), seeking damages for defendants' alleged legal malpractice. *See* Complaint ("Compl.") [Dkt. #1].[1] Now before the Court are defendants' Motion to Dismiss and Plaintiff's Motion for Summary Judgment. *See* Defendants' Motion to Dismiss ("Defs.' Mot.") [Dkt. #5]; Plaintiff's Motion for Summary Judgment [Dkt. #8]. Upon consideration of the parties' pleadings, relevant law, and the entire record in this case, the defendants' Motion to Dismiss is GRANTED and the plaintiff's Motion for

---

[1] Plaintiff filed an Amended Complaint on May 23, 2014. *See* Amended Complaint [Dkt. #14]. Rule 15 of the Federal Rules of Civil Procedure states that a plaintiff may only amend a pleading as a matter of course once—within 21 days of filing the original pleading or within 21 days after service of a motion under Rule 12(b)(6), whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). Defendants filed a Motion to Strike the Amended Complaint on June 11, 2014. *See* Motion to Strike Amended Complaint [Dkt. #15]. Because plaintiff filed his amended complaint more than 21 days after service of defendants' Motion to Dismiss, he was required to obtain either defendants' consent or leave of the Court. *See* Fed. R. Civ. P. 15(a)(2). Unfortunately for the plaintiff, however, he obtained neither. Accordingly, defendants' Motion to Strike the Amended Complaint is GRANTED and plaintiff's original Complaint remains the operative pleading.

1

Summary Judgment is DENIED as moot.

## BACKGROUND

This malpractice case concerns defendants' allegedly negligent legal representation of the plaintiff during his divorce, including child-custody and division-of-assets proceedings in D.C. Superior Court. *See* Compl. at ¶¶ 5-9. The divorce proceedings were predominated by consideration of two major issues: (1) the awarding of custody of the couple's children, *see* Compl. at ¶ 22, and (2) the resolution of the ownership of two adjacent properties—connected by a 4 ft. by 8 ft. opening—located at 1800 New Jersey Avenue, NW and 435 S Street, NW in Washington, D.C. *See* Compl. at ¶ 12.

During the course of the trial, plaintiff alleges that it became clear that both his wife and the presiding judge—Judge John H. Bayly, Jr.—were practicing Catholics. *See* Compl. at ¶16. Plaintiff—a non-Catholic—wanted defendants to file a motion requesting that Judge Bayly recuse himself on the basis of his shared religion with plaintiff's ex-wife. *See* Compl. at ¶¶ 17, 19. Defendants advised plaintiff against filing such a motion as it might do more harm than good, and thus, no motion to recuse was filed. *See* Compl. at ¶¶ 17, 21. Plaintiff also wished to file a motion seeking to "board off and partition" the opening between the two properties. *See* Compl. at ¶ 13. Defendants again advised the plaintiff against filing such a motion. *See* Compl. at ¶ 14.

The Superior Court also considered several incidents of domestic violence in crafting its divorce decree. *See* Compl. at ¶ 22. Plaintiff alleges that defendants negligently failed to file motions in limine seeking to exclude the incidents of domestic

violence, which resulted in an unnecessarily long trial and an adverse outcome for the plaintiff. *See* Compl. at ¶¶ 23-31. Following a 14-day trial, the Superior Court—in its divorce decree—awarded primary custody of the children and both properties to the plaintiff's ex-wife. *See* Compl. at ¶¶ 15, 22, 28.

## STANDARD OF REVIEW

The court may dismiss a complaint or any portion of it for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, however, the court may only consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). To survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion, the court must construe the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (internal citation and quotation marks omitted). However, factual allegations, even though assumed to be true, must still "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, the court need not "accept legal conclusions cast in the form of factual allegations," nor "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## ANALYSIS

Plaintiff alleges that defendants committed legal malpractice by negligently failing to meet the required standard of care for attorneys. *See* Compl. at ¶¶ 5-9. For plaintiff's claim to succeed, he must produce sufficient evidence to establish (1) the applicable standard of care in this situation; (2) that there was a breach of this standard of care; and (3) that this breach caused him to suffer some injury. *See Athridge v. Aetna Cas. & Sur. Co.*, 351 F.3d 1166, 1174 (D.C. Cir. 2003) (citing *Mills v. Cooter*, 647 A.2d 1118, 1123 (D.C. 1994)). Plaintiff's injury must be legally cognizable for him to recover on a theory of legal malpractice. *See Mount v. Baron*, 154 F. Supp. 2d 3, 8 (D.D.C. 2001). Indeed, the plaintiff must demonstrate that absent the defendants' alleged negligence, he would have prevailed on an otherwise meritorious claim. *See Macktal v. Garde*, 111 F. Supp. 2d 18, 21 (D.D.C. 2001) (citing *Niosi v. Aiello*, 69 A.2d 57, 59-60 (D.C. 1949)).

In order to determine whether plaintiff had an otherwise meritorious claim, the court is required to "evaluate the so-called 'case within the case.'" *Id.* Indeed, the plaintiff must "demonstrate that his underlying case would have succeeded absent the alleged malpractice." *Id.* If, however, it is shown that plaintiff's claim still would have failed absent the alleged negligence, plaintiff's claim of legal malpractice cannot succeed. *See id.* at 21-22. Unfortunately for the plaintiff here, he can offer *no* evidence to support his contention that, absent the defendants' alleged negligence, the divorce decree would have been favorable to him, and thus, his malpractice claim must fail. How so?

The plaintiff alleges that the adverse rulings in his divorce and child custody proceedings were caused by the defendants' negligence. Indeed, he argues that if

4

defendants had filed certain motions—a motion seeking recusal of Judge Bayly, a motion to close the opening between the two houses, and various motions in limine—that the trial would have resulted in a more favorable outcome. *See* Compl. at ¶¶ 21, 23-30. It is therefore left to this Court to determine whether those motions were legally viable claims, and whether their filing would have resulted in a different outcome for the plaintiff. *See Macktal*, 111 F. Supp. 2d at 21. The need for an in-depth analysis of whether the filing of plaintiff's desired motions would have resulted in a different outcome at trial is, however, largely obviated by the D.C. Court of Appeals' opinion considering and ruling on the very issues raised by plaintiff in this lawsuit. *See Araya v. Keleta*, 65 A.3d 40 (D.C. 2013).

Regarding plaintiff's claims of Judge Bayly's religious bias, the D.C. Court of Appeals found "no evidence of bias and no appearance of bias" in the trial record. *Id.* at 44 n.3. In fact, Judge Bayly actually admonished plaintiff's *wife's counsel* for raising the issue of religion, as it was "immaterial" to the proceedings. *See id.* Indeed, the D.C. Court of Appeals stated that it "reject[ed] the husband's claims that the [trial] court was biased in favor of the wife because she is Catholic and against the husband because he does not attend church." *Id.* To say the least, it strains credulity for plaintiff to now argue—following the ruling by the D.C. Court of Appeals on this very point—that the filing of a motion requesting Judge Bayly's recusal would have resulted in a favorable divorce decree.

Plaintiff's arguments regarding defendants' alleged negligence for not filing motions in limine are equally unpersuasive. Regarding the Superior Court's

5

consideration of the incidents of domestic violence, the D.C. Court of Appeals noted that "a court need not have jurisdiction to have tried an offense in order to credit testimony about it or to take judicial notice of a conviction," nor is it "precluded from taking notice of intrafamily offenses as to which the statute of limitations might have barred a criminal complaint." *See id.* at 45 n.5. The plaintiff argues that defendants negligently failed to file motions in limine seeking to exclude incidents of domestic violence that did not result in a conviction. *See* Compl. at ¶ 23. Plaintiff further contends that these motions would have been granted, thereby excluding incidents of domestic violence for which there was no conviction, resulting in a divorce decree more favorable to the plaintiff. *See id.* Unfortunately for the plaintiff, however, the D.C. Court of Appeals clearly rejected that position, stating that the "ultimate disposition [of the domestic violence complaints] in no way made it inappropriate for the court to consider the 2002 assault." *See Araya*, 65 A.3d at 44 n.4, 45 n.5. I can imagine no situation where the consideration of domestic violence—wherever it may have occurred—is more appropriate than proceedings determining the custody of children. Accordingly, plaintiff has failed to show that but for the defendants' alleged negligent failure to file motions in limine, the evidence of domestic violence would have been excluded and he would have received a more favorable divorce decree.

Finally, plaintiff argues—again unsuccessfully—that defendants negligently failed to file a motion seeking to close off the opening between the New Jersey Avenue and S Street properties, resulting in the Superior Court awarding both properties to his ex-wife. *See* Compl. at. ¶¶ 12-15. Under D.C. law, upon the entry of a divorce, each party is

6

solely entitled to any property acquired prior to the marriage, while any property acquired during the marriage is to be distributed between the two parties. *See* D.C. Code § 16-910 (2001). Here, it is undisputed that the plaintiff acquired the New Jersey Avenue property prior to the marriage, and that the S Street property was acquired by the plaintiff and his ex-wife after the two were wed. *See* Compl. at ¶¶ 12-13. Nevertheless, there are circumstances under which "property may be changed or transformed such that it loses its character as property acquired prior to the marriage." *Araya*, 65 A.3d at 53 (citing *Darling v. Darling*, 444 A.2d 20, 24 (D.C. 1982) (internal quotation marks omitted).[2] That is exactly what occurred here, and the D.C. Court of Appeals held as such.[3]

Based on the above, I find plaintiff's argument—that defendants' failure to file a motion seeking partition of the two properties directly resulted in the Superior Court

---

[2] Here, the D.C. Court of Appeals concluded that

> [W]here a spouse's separate property has been combined or blended with marital property in such a way that (1) the two items of property came to be used as one property and (2) one or both properties would be destroyed or damaged or left with a gaping deficiency or defect if the properties were separated, the *Darling* rule permits the trial court to treat the separate property as "transformed" and the combined or blended property as marital property that is subject to equitable distribution under § 16-910(b).

*Araya*, 65 A.3d at 56.

[3] The New Jersey Avenue property—once connected to the S Street property by the opening between the properties—ceased to be the plaintiff's pre-marital property and was transformed into marital property subject to equitable division under D.C. Code § 16-910(b). This transformation occurred before the plaintiff filed for divorce, and any subsequent attempt to partition the two properties by simply closing off the passageway would have done nothing to revert the character of the property back to pre-marital property belonging solely to the plaintiff. *See Araya*, 65 A.3d at 56. Indeed, the Court of Appeals specifically noted that the single blended property could not be returned to use as individual units because the S Street property had been rebuilt without a kitchen. *See id.*

awarding both properties to his ex-wife—to be completely without merit.

## CONCLUSION

Accordingly, for all the foregoing reasons, the Court GRANTS defendants' Motion to Strike the Amended Complaint, GRANTS defendants' Motion to Dismiss, and DENIES plaintiff's Motion for Summary Judgment as moot. An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge